OPINION
Appellant Melody Wooten appeals a judgment of the Stark County Common Pleas Court, Domestic Relations Division, granting her a divorce on the basis of extreme cruelty, dividing marital property, and awarding her $1000 per month in spousal support:
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT ERRED IN FAILING TO COMPENSATE THE PLAINTIFF-APPELLANT FOR THE FINANCIAL MISCONDUCT OF THE DEFENDANT APPELLEE PURSUANT TO OHIO REVISED CODE SECTION 3105.17.1 (E)(3).
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO AWARD SUFFICIENT SPOUSAL SUPPORT PURSUANT TO OHIO REVISED CODE SECTION 3105.18.
The parties were married in Cleveland Heights, Ohio, on October 28, 1975. Four children were born as issue of the marriage, with two emancipated as of the date of the divorce. For the past twelve years, appellee was employed at McDermott International. From July of 1998 to June of 1999, appellee was assigned to work in Russia. Appellant has an R.N. diploma, and an Associate Degree in Science. Appellant was unemployed from 1997 until late 1999, and returned to work after the breakup of the marriage. At the time of trial, she was employed by Edwin Shaw Hospital earning approximately $30,000. She was attending Kent State University on a part time basis, attempting to update her skills for employment purposes. At the time of the divorce, the parties owned a home valued at $215,000, with two mortgages totaling $160,000. In addition, the parties had credit card debt totaling $34,000. The court ordered the marital home sold, with proceedings to be divided equally. The court divided marital property and debt, and awarded each party custody of one of the minor sons. The court also ordered appellee to pay appellant spousal support in the amount of $1000 per month for a period of eight years.
 I
Appellant argues that the court erred in failing to compensate her for alleged financial misconduct committed by appellee. Upon returning home from Russia, appellee cashed a marital IRA worth $122,848. As a result of cashing in this IRA, appellee had to pay over $60,000 in taxes and penalties. The court made a finding that this termination of the IRA harmed appellant, but failed to find financial misconduct and to compensate appellant specifically for appellee's use of the IRA. R.C.3105.171 (C)(1) requires the court to divide marital property equally, unless such division would be inequitable. If a spouse has engaged in financial misconduct, R.C. 3105.171 (E)(3) provides that the court may compensate the offended spouse with a distributive award or greater award of marital property. Appellant concedes that we must find an abuse of discretion in order to reverse. Appellant has not demonstrated that the court abused its discretion in the division of property. While the court found that appellant was harmed by the penalties incurred by the appellee for cashing the IRA, the court did not find financial misconduct. Appellee testified that when he came back from Russia, he had no money with which to pay his living expenses. He testified that $139,000, representing his ex-patriot pay during the time he was employed in Russia, was gone when he returned home. In addition, appellant had incurred credit card debt of nearly $26,000 during his absence. Appellee testified that he cashed in the IRA, and in addition to using part of the money for living expenses, he paid the $26,000 in credit card debt which was incurred during his absence. The determination of the credibility of witnesses lies within the discretion of the trial court, and we may not substitute our judgment on appeal. Seasons Coal Company v. Cleveland (1984), 10 Ohio St.3d 77, 80. In addition, appellant has not demonstrated that the division of property was an abuse of discretion. Although the court found that appellant incurred the major amount of the charges on the First USA credit card and the Chase credit card, the court ordered appellee to pay one-half of this debt. In addition, appellee had a thrift plan worth $73,138.72, minus a loan of $11,848.52. The court awarded appellant $40,000 of this thrift plan, leaving the remainder to appellee, less the loan incurred. Appellant has not demonstrated that the property division was so inequitable as to constitute an abuse of discretion. The first assignment of error is overruled.
 II
Appellant argues that the court failed to consider the statutory factors in setting spousal support. Specifically, she argues that the amount of spousal support did not allow her to continue her education to update her skills, and she claims that her declining health requires her that she find employment outside of direct patient care. Appellant again has not demonstrated abuse of discretion. Although she may desire a new career, appellant possesses the tools of a skilled profession, including an R.N. diploma and an Associate Degree in Science. At the time of trial, she was employed, earning $30,000 per year. Thus, continued education is not necessary for her to obtain work. She testified that she needed to get out of direct patient care due to her health, but she did not present medical evidence that she was unable to perform her job duties, due to health problems. The record does not demonstrate that the court abused its discretion in awarding spousal support in the amount of $1000 per month. The second assignment of error is overruled.
The judgment of the Stark County Common Pleas Court, Domestic Relations Division, is affirmed.
 ____________________ Gwin, P.J.
Wise, J., concurs and Farmer, J., dissents.